IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Levi Leipheimer, and FCI Williamsburg; | ) | C/A No. 6:08-1292-MBS |
| | ) | |
| Ryan's Family Steak Houses, Inc., and Bureau of Prisons; | ) ) | C/A No. 6:08-1293-MBS |
| | ) | |
| AMTRAK, d/b/a National Railroad Passenger Corporation, and FCI Williamsburg; | ) ) ) | C/A No. 6:08-1294-MBS |
| | ) | |
| Shoney's LLC, and Bureau of Prisons; | ) | C/A No. 6:08-1295-MBS |
| | ) | |
| Sizzler USA Restaurants, Inc., and FCI Williamsburg; | ) ) | C/A No. 6:08-1296-MBS |
| | ) | |
| Hard Rock Café International, Inc. and FCI Williamsburg; | ) ) | C/A No. 6:08-1297-MBS |
| | ) | |
| Ben & Jerry's Homemade, Inc., and FCI Williamsburg; | ) ) | C/A No. 6:08-1298-MBS |
| | ) | |
| Quizno's Franchise Co., LLC, and Bureau of Prisons; | ) ) | C/A No. 6:08-1299-MBS |
| | ) | |
| General Dynamics Corporation, and FCI Williamsburg; | ) ) | C/A No. 6:08-1300-MBS |
| | ) | |
| Melvin Glenn Neal, FCI Williamsburg, and FCI Miami; | ) ) | C/A No. 6:08-1301-MBS |
| | ) | |
| LaBranche & Co., LLC, and FCI Williamsburg; | ) ) | C/A No. 6:08-1302-MBS |
| | ) | |
| Huffy Corp., and Federal Correctional Institution Williamsburg; | ) ) | C/A No. 6:08-1303-MBS |
| | ) | |
| First Data Bank, Inc. and Bureau of Prisons; | ) | C/A No. 6:08-1304-MBS |

|  |  |
|---|---|
| Philip Laporta, and FCI Williamsburg; | C/A No. 6:08-1306-MBS |
| Ferdinand Marcos, and Bureau of Prisons; | C/A No. 6:08-1307-MBS |
| Jimmy Lee Rasco, Marcus A. Milton, and FCI Williamsburg; | C/A No. 6:08-1308-MBS |
| Fortress Investment Group, LLC, and Bureau of Prison; | C/A No. 6:08-1309-MBS |
| Revlon, Inc., FCI Williamsburg, and FCI Jessup; | C/A No. 6:08-1310-MBS |
| James Glen Pace, FCI Williamsburg, and FCI Bennettsville; | C/A No. 6:08-1311-MBS |
| Pacific Bell Telephone Company, Inc., and Bureau of Prisons; | C/A No. 6:08-1312-MBS |
| CNet Networks, Inc. and FCI Williamsburg; | C/A No. 6:08-1313-MBS |
| Darden Restaurants, Inc., and FCI Williamsburg; | C/A No. 6:08-1314-MBS |
| Peabody Energy Corporation; | C/A No. 6:08-1315-MBS |
| Joy Global, Inc., and Bureau of Prisons; | C/A No. 6:08-1316-MBS |
| Arch Coal, Inc., and FCI Williamsburg; | C/A No. 6:08-1317-MBS |
| Molex, Inc., and Bureau of Prisons; | C/A No. 6:08-1318-MBS |
| Ansys, Inc., Bureau of Prisons, and FCI Williamsburg; | C/A No. 6:08-1319-MBS |
| Dollar Tree Stores, Inc.; | C/A No. 6:08-1320-MBS |
| De Beers Group SA, Anglo American PLC, and FCI Williamsburg; | C/A No. 6:08-1321-MBS |
| Japan Airlines Corp. and Bureau of Prisons; | C/A No. 6:08-1322-MBS |
| FiMALAC SA, d/b/a Fitch Ratings, and | C/A No. 6:08-1323-MBS |

| | | |
|---|---|---|
| FCI Williamsburg; | ) | |
| | ) | |
| Third Party Verification, Inc.; | ) | C/A No. 6:08-1324-MBS |
| | ) | |
| Adobe Systems, Inc. and Bureau of Prisons; | ) | C/A No. 6:08-1325-MBS |
| | ) | |
| Paycom Billing Services, Inc. | ) | C/A No. 6:08-1326-MBS |
| | ) | |
| Simon Property Group, Inc., and FCI Williamsburg; | ) ) | C/A No. 6:08-1327-MBS |
| | ) | |
| Hanes Brands, Inc. and FCI Williamsburg; | ) | C/A No. 6:08-1328-MBS |
| | ) | |
| Crocs, Inc. and FCI Williamsburg; | ) | C/A No. 6:08-1329-MBS |
| | ) | |
| Toll Brothers, Inc., d/b/a Bruce Toll, and Wendy Topkis; | ) ) | C/A No. 6:08-1330-MBS |
| | ) | |
| McKesson Corp., and Bureau of Prisons; | ) | C/A No. 6:08-1331-MBS |
| | ) | |
| Ruth's Chris Steakhouse, Inc. and FCI Williamsburg; | ) ) | C/A No. 6:08-1332-MBS |
| | ) | |
| Cardinal Health, Inc. and FCI Williamsburg; | ) ) | C/A No. 6:08-1333-MBS |
| | ) | |
| ADT Security Services, Inc., and Bureau of Prisons; | ) ) | C/A No. 6:08-1334-MBS |
| | ) | |
| Skadden, Arps, Slate, Meagher, and Flom, LLP; | ) ) | C/A No. 6:08-1335-MBS |
| | ) | |
| Ralph Whitworth, d/b/a Relation LInvestors, LLC; | ) ) | C/A No. 6:08-1336-MBS |
| | ) | |
| ESL Investments, Inc., d/b/a Edward S. Lampert; | ) ) | C/A No. 6:08-1337-MBS |
| | ) | |
| Fireman's Fund Insurance Company, and FCI Williamsburg; | ) ) | C/A No. 6:08-1339-MBS |
| | ) | |
| Vicki Iseman, d/b/a Alcalde & Fay; and FCI Williamsburg; | ) ) | C/A No. 6:08-1340-MBS |
| | ) | |

3

| | |
|---|---|
| March Madness, Miles Brand, d/b/a NCAA, and Bureau of Prisons, | C/A No. 6:08-1341-MBS |
| Days Inns Worldwide, Inc., and Bureau of Prisons; | C/A No. 6:08-1342-MBS |
| Wladimir Klitschko, and FCI Williamsburg; | C/A No. 6:08-1343-MBS |
| The Blair Witch Project, Heather Donahue, and FCI Williamsburg; | C/A No. 6:08-1344-MBS |
| Sid Ganis, d/b/a Academy of Motion Picture Arts and Sciences, and Bureau of Prisons; | C/A No. 6:08-1345-MBS |
| Jerry Tarkanian, and FCI Williamsburg; | C/A No. 6:08-1346-MBS |
| Lionel Tate, James Lewis, and Bureau of Prisons; | C/A No. 6:08-1347-MBS |
| Outback Steakhouse, Inc., and FCI Williamsburg; | C/A No. 6:08-1348-MBS |
| Castle Rock Entertainment, Inc., and FCI Williamsburg; | C/A No. 6:08-1349-MBS |
| Save-A-Lot Ltd., d/b/a Moran Foods, Inc., and FCI Williamsburg; | C/A No. 6:08-1350-MBS |
| Choice Hotels International, and FCI Williamsburg; | C/A No. 6:08-1352-MBS |
| Bally Total Fitness Holding Corp., and FCI Williamsburg; | C/A No. 6:08-1353-MBS |
| U-Haul International, Inc., and FCI Williamsburg; | C/A No. 6:08-1354-MBS |
| Kash N Karry Food Stores, Inc., and FCI Williamsburg; | C/A No. 6:08-1355-MBS |
| Circle K Stores, Inc. and Bureau of Prisons; | C/A No. 6:08-1356-MBS |
| Polaroid Corp., and Bureau of Prisons; | C/A No. 6:08-1357-MBS |

|  |  |  |
|---|---|---|
| Pottery Barn, Inc., and Bureau of Prisons; | ) ) ) | C/A No. 6:08-1358-MBS |
| Pathmark Stores, Inc., and FCI Williamsburg; | ) ) ) | C/A No. 6:08-1359-MBS |
| Bed Bath & Beyond, Inc., and Bureau of Prisons; | ) ) ) | C/A No. 6:08-1360-MBS |
| Winn-Dixie Stores, Inc., and Bureau of Prisons; | ) ) ) | C/A No. 6:08-1361-MBS |
| The Sports Authority, Inc., and FCI Williamsburg; | ) ) ) | C/A No. 6:08-1362-MBS |
| Ringling Brothers and Barnum & Bailey Circus, and Bureau of Prisons; | ) ) ) | C/A No. 6:08-1363-MBS |
| Defendants. | ) ) |  |

**O R D E R**

Plaintiff Jonathan Lee Riches is an inmate in custody of the Bureau of Prisons. Plaintiff currently is incarcerated at FCI-Williamsburg in Salters, South Carolina. Plaintiff, proceeding pro se, filed the captioned actions pursuant to 42 U.S.C. § 1983, seeking injunctive relief. The court previously has dismissed at least three cases deemed as "strikes" under 28 U.S.C. § 1915(g). Thus, Plaintiff cannot proceed with the instant complaints unless (1) his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule, or (2) he pays the full filing fee. See id.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. The Magistrate Judge reviewed the complaints pursuant to the Prison Litigation Reform Act of 1996. On April 29, 2008, the Magistrate Judge issued a Report and Recommendation in which he found that, with each of the

5

referenced cases, Plaintiff's allegations did not raise credible claims of "imminent danger" so as to invoke the exception to § 1915(g). Accordingly, the Magistrate Judge determined that Plaintiff is barred by the "three-strikes" rule from proceeding with the captioned cases unless he pays the filing fee of $350.00 for each case. Plaintiff was granted ten days, excluding holidays and weekends, plus three days for mailing, to pay the filing fees. The Magistrate Judge recommended that, should Plaintiff fail to pay the filing fee, the within actions be dismissed pursuant to the "three strikes" rule of § 1915(g). Plaintiff neither filed objections to the Report and Recommendation, nor paid the filing fees.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within actions are dismissed under the "three strikes" rule of § 1915(g).

As the Magistrate Judge further noted, Plaintiff has filed at least thirty-four cases that have been summarily dismissed by this court because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. At least eighty-two more cases have been dismissed for lack

of prosecution or failure to comply with an order of the court. At least ninety-three additional cases, not including the within complaints, have been dismissed pursuant to the "three strikes" rule of § 1915(g). Plaintiff has repeatedly been warned that the court would impose additional restrictions on Plaintiff's ability to file complaints if he (1) continued to submit cases that he failed to pursue and prosecute; and/or (2) continued to file cases that were deemed frivolous or malicious, or that failed to state a claim upon which relief could be granted. Plaintiff has disregarded the court's admonitions and has continued to file numerous nonsensical complaints against a litany of defendants. Accordingly, as the court previously ordered on May 19, 2008, the Clerk of Court is directed to return unfiled any civil action submitted to this Court by the Plaintiff, unless the following requirements are met:

(1) Payment of the full statutory filing fee (currently $350.00) at the time any new civil case is submitted for filing;

or

(2) Submission of a petition to the Clerk of Court seeking leave to file a new civil case. The petition must contain all of the following information:

(a) The name of the defendant(s) that Plaintiff intends to sue pro se, without payment of the filing fee;

(b) For each defendant named, that defendant's domicile;

(c) For any defendant whose domicile is outside of this District, a statement explaining why this Court would enjoy personal jurisdiction over that defendant and why venue for Plaintiff's claim is proper in this Court;

(d) A brief summary setting forth with specificity what each defendant has done to cause Plaintiff injury;

(e) A statement setting forth the legal theory pursuant to which Plaintiff believes he is entitled to relief.

(f) A statement (under penalty of perjury and subject to all sanctions available to the Court for untrue statements) that, to the best of Plaintiff's knowledge:

 (1) the information contained in the petition is true and correct;

 (2) the legal arguments are not frivolous or made in bad faith;

 (3) the proposed case does not involve any of the same factual or legal matters as were/are involved in any of Plaintiff's previously disposed/currently pending civil actions in this Court; and

 (4) that Plaintiff will comply with the local rules of this Court and with the Federal Rules of Civil Procedure.

(g) The petition for leave to file a new complaint must be signed by Plaintiff in Plaintiff's full legal name. The following statement must appear above Plaintiff's signature: "This document and all statements contained herein or attached hereto are submitted under penalty of perjury and subject to all available Court imposed sanctions for untruthfulness, frivolity, and/or vexatiousness."

(h) An official notary public seal and signature in proper legal form, attesting to the validity of Plaintiff's signature, must be affixed to the signature page of Plaintiff's petition.

  (i)  The following documents must be attached to the petition for leave to file a new civil action:

    (1)  A complete signed original of the pleading that Plaintiff wishes to file as a new case pro se, and without payment of the filing fee;

    (2)  A fully completed and signed Form AO-240 (Application to Proceed without Prepayment of Fees and Affidavit);

    (3)  A fully completed Financial Certificate; and

    (4)  Fully completed Court approved service of process forms (summons and Form USM-285) for each defendant or respondent named in the pleading.

**IT IS SO ORDERED**.

              /s/ Margaret B. Seymour
              United States District Judge

Columbia, South Carolina

May 28, 2008

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**